UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-24603-CIV-ALTONAGA

PARADISE TAILS INC.,
Reel FAITH FISHING LLC,
ERICK BRAVO, JOSE D. HERNANDEZ, and
all others similarly situated

      Plaintiffs,

v.

D&D SEAFOOD CORPORATION,
KEYS FISHERIES, INC.,
DENNIS DOPICO a/k/a Snake, and
GARY GRAVES

      Defendants.
_____/

## DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to Fed. R. Civ. P. 26(c), the Court's inherent power, and the Court's referral of all discovery matters to United States Magistrate Judge Lauren Louis [ECF No. 73], D&D Seafood Corporation, Keys Fisheries, Inc., Dennis Dopico, and Gary Graves (together, "Defendants") move for a stay of all discovery in this case until the resolution of Defendants' anticipated motion to dismiss Plaintiffs' forthcoming but as yet unfiled amended complaint. In conceding that they would need to file an amended complaint that forestalled Defendants' ability to seek the dismissal of their current, soon-to-be-mooted Complaint, Plaintiffs have tactically forestalled Defendants' ability to challenge the insufficiency of their pleading. And yet, they have nevertheless served **more than forty document requests**, (as well as subpoenas *duces tecum* on non-parties and Keys Fisheries' affiliates), the vast majority of which are incredibly overbroad and would impose undue burden on Defendants, essentially evading the essential point of *Bell Atlantic v. Twombly* as to pleading and commencement of discovery in multi-defendant antitrust cases such as this. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("The requirement of allegations suggesting an agreement serves the practical purpose of preventing a plaintiff with a largely groundless claim from tak[ing] up the time of a number of other people . . . [as] proceeding to antitrust discovery can be expensive").

## Background

1. On October 6, 2025, Plaintiffs filed their class action complaint. *See* [ECF No. 1] (the "Complaint").

2. On November 7, 2025, the Court issued an order requiring Defendants to submit a single combined response to the Complaint by December 15, 2025. *See* [ECF No. 30].

3. Upon joint motion by the Parties, *see* [ECF No. 65], on November 25, 2025, the Court ordered that "[Plaintiffs'] response to any combined motion is due by January 5, 2026. [And any] reply is due no later than January 19, 2026." [ECF No. 67].

4. On December 9, 2025, counsel for Plaintiffs represented to counsel for Defendants that Plaintiffs would be amending the Complaint prior to the Court's amendment deadline of January 14, 2026 both to add further allegations as well as name additional defendants, materially changing and expanding the scope of this litigation. *See* [ECF No. 71].

5. On December 10, 2025, in light of Plaintiffs' intended amendment of the Complaint and addition of more defendants, the Parties moved to modify the briefing schedule of Defendants' anticipated motion to dismiss so as to conserve the Parties' and the Court's resources by avoiding the need to move as to Plaintiffs' soon-to-be-mooted Complaint. [ECF No. 74].

6. That same day, on December 10, 2025, Plaintiffs served their First Request for Production upon Defendants. *See* **Exhibit A** (the "First RFP"). Plaintiffs additionally served a notice of intention to serve five third-party subpoenas *duces tecum* upon Key Largo Fisheries, Inc., Golden

2

Dragon Seafood, Inc., AIFA Seafood, Inc., Ernest Hamilton Stone Crabs Corporation, and Stone Crabs Inc. (the "Non-Parties")  *See* **Composite Exhibit B** (the "Subpoenas").  Ernest Hamilton Stone Crabs Corporation, and Stone Crabs Inc. are commonly-owned affiliates of Defendant Keys Fisheries.

7. On December 11, the Court granted the motion and amended the referenced briefing schedule to account for and be in response to Plaintiffs' forthcoming amended complaint. [ECF No. 75].

8. The First RFP and Subpoenas are overly-broad and burdensome.  This is a substantial burden that may prove to be wholly or partially unnecessary, depending on the forthcoming amended complaint and motion to dismiss.

9. Defendants are presently unaware and without notice of the allegations in Plaintiffs' lawsuit, and further without notice of the parties that will be added or remain in the suit following Plaintiffs' forthcoming amended complaint.

10. Requiring Defendants to respond to more than forty overly-broad and unduly burdensome discovery requests and engage in costly compilation and review of documents for production before even having a chance to review the scope of the forthcoming amended complaint, much less challenge its sufficiency, would be an undue burden on both Defendants and the Non-Parties. Further, because the Non-Parties likely would seek relief under Fed. R. Civ. Pro. 45, there would be additional burden on this Court.

11. On December 1, 2025 and through emails the prior week, the Parties met and conferred on a number of issues, including Defendants' intent to seek a stay of discovery pending resolution of Defendants' then-believed to be upcoming motion to dismiss the now soon-to-be-mooted original Complaint.  Plaintiffs' counsel indicated that Plaintiffs would not agree to any stay or restriction

of discovery pending resolution of Defendants' motion to dismiss.

## Argument

The Court should stay discovery until Defendants' anticipated motion to dismiss the forthcoming amended complaint is briefed and resolved. The First RFP, consisting of 43 separate document requests, and the Subpoenas – each requesting 12 overly broad categories of documents sought from the Non-Parties, two of which are affiliates of Defendant Keys Fisheries – are premature at this juncture and would result in wide-ranging and expensive discovery before the forthcoming amended complaint has even been filed and its scope determined, much less allowing Defendants the opportunity to challenge and the Court address the sufficiency of that yet-to-be-filed pleading.

Plaintiffs seek production from Defendants of a myriad of burdensome, irrelevant and overly-broad categories of documents with an almost 16-year time frame from January 1, 2010 to the present. *See* **Exhibit A**, ¶ 9. To illustrate just one example of the incredible overbreadth of Plaintiffs' discovery requests, the applicable time period for all of the document requests to Parties and Non-Parties is from January 1, 2010 to the present. *See*, *e.g.*, **Exhibit A**, Instructions at ¶ 16; **Exhibit B**, Instructions at ¶ 1. Even their soon to be mooted current Complaint only states the conclusory assertion that the purported conspiracy began in 2017. [ECF No. 1, ¶ 1-3]. More accurately, the plea by only one Defendant that forms the entire basis of that alleged conspiracy (and which does not reference any other Defendant) addresses and concerns only the period from July 2023 to April 2025. [*Id.* ¶ 10].

Beyond its overbroad time scope, the First RFP also requests practically all documents and communications of any kind related to all sales, revenue, pricing, profits, revenue projections, and communications generally related to the sale of spiny lobster and stone crab – essentially every

document concerning Defendants' entire businesses (again, for a period of almost 16 years). *See e.g.*, **Exhibit A**, ¶¶ 2, 4, 7, 8, 15. Likewise, the Subpoenas seek all the same incredibly broad sets of documents and communications related to sales, purchasing data, transactions, pricing, and shipping of spiny lobster and stone crab from the Non-Parties. *See* **Exhibit B**, ¶¶ 1, 2, 3, 4, 5, 12.

A stay of such expansive and burdensome discovery before the resolution of a potentially dispositive motion to dismiss is especially appropriate in the context of antitrust cases such as this one, where expense and burdensomeness of discovery are of heightened concern. Indeed, avoiding such expansive and inevitably expensive discovery common in antitrust cases alleging a multi-defendant conspiracy such as this one before the sufficiency of such claims has been considered and confirmed was one of the primary purposes of the Supreme Court's decision in *Twombly*. As the Supreme Court held:

> The requirement of allegations suggesting an agreement serves the practical purpose of preventing a plaintiff with a largely groundless claim from tak[ing] up the time of a number of other people . . . [as] proceeding to antitrust discovery can be expensive.

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007)); *see also U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, No. 6:21-CV-2135-WWB-DCI, 2022 WL 17718607, at *3 (M.D. Fla. Dec. 15, 2022) (granting partial stay as to antitrust discovery noting "[defendant] is faced with expansive antitrust discovery—potentially moot if the Court rules in its favor on dismissal"); *California Crane Sch., Inc. v. Google LLC*, No. 21-CV-10001-HSG, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) ("Indeed, as the Supreme Court has recognized, staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive.") (citing *Twombly*, 550 U.S. at 558 and *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020)); *Nexstar Broad., Inc. v. Granite Broad. Corp*., No. 1:11-CV-249, 2011 WL 4345432, at *2 (N.D.

Ind. Sept. 15, 2011) (granting stay because "[d]iscovery concerns are particularly great in antitrust litigation, where discovery can quickly become enormously expensive and burdensome to defendants.") (internal citations and quotations omitted); *Asahi Glass Co. v. Pentech Pharm., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J.) (requiring that "some threshold of plausibility . . . be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase" and noting "[t]he Twombly Court was []concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim.") (citations omitted).

Plaintiffs' premature First RFP and Subpoenas seek to do an end run around the policy underlying *Twombly* and its progeny that the burden of such discovery should not be imposed until it is established that an antitrust conspiracy complaint actually states a claim.  Otherwise, even if the Court agrees that Plaintiffs have failed to state any claim, Defendants and Third Parties will still have been forced to needlessly incur huge efforts and expenses complying with discovery efforts that would have been ex-post determined unnecessary.

Even beyond disallowing Plaintiffs' effort to circumvent *Twombly*, "[u]nder both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court 'has broad discretion to stay discovery pending decision on a dispositive motion.'" *Wildhaber v. EFV*, No. 17-CV-62542, 2018 WL 11656373, at *2 (S.D. Fla. Mar. 6, 2018) (granting motion to stay discovery pending determination of defendants' motion to dismiss) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)).  Such a stay is particularly appropriate "on a likely meritorious motion to dismiss while undue discovery costs mount." *Kleiman v. Wright*, No. 18-CV-80176-BB, 2018 WL 8620096, at *1 (S.D. Fla. Aug. 2, 2018) (granting motion to stay).

Indeed, even before the advent of *Twombly's* pleading standard for antitrust claims such as

this one, the Eleventh Circuit had already ruled that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1983) (footnote omitted). "Neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see also SP Frederica, LLC v. Glynn Cnty.*, No. 2:15-CV-73, 2015 WL 5242830, at *3 (S.D. Ga. Sept. 8, 2015) ("It would be inefficient and costly for the parties to engage in such extensive discovery when much, if not all, of the discovery requests could be rendered moot by the Court's ruling on the Motion to Dismiss."). Moreover, this Court has specifically found that a stay of discovery is proper where document requests are overly broad or burdensome on their face, even when a motion to dismiss may not be case dispositive (which Defendants' motion here may be). *See Thomas v. It's A New 10, LLC*, No. 1:22-CV-22149-KMM, 2023 WL 418859, at *4 (S.D. Fla. Jan. 6, 2023) (M.J. Louis) (granting partial stay due to the burdensomeness of requests for production, despite finding that pending motions to dismiss were not case dispositive.); *see e.g.*, **Exhibit A**, ¶¶ 2, 4, 7, 8, 15; **Exhibit B**, ¶¶ 1, 2, 3, 4, 5, 12.

That same concern to avoid unnecessary, expensive, and overbroad discovery occurring before Defendants have even had a chance to review and challenge a forthcoming amended pleading particularly warrants staying discovery in this case, where Plaintiffs themselves have conceded that their current Complaint does not represent their intended claims. *See Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., Georgia*, No. CV 5:19-CV-109, 2020 WL 3621319, at *4 (S.D. Ga. July 2, 2020) (granting stay where Plaintiffs forthcoming amended complaint had yet to be filed and Defendants' forthcoming motions to dismiss could be case dispositive). *Brantley* thus held, "Plaintiff's forthcoming amended complaint will likely moot the pending motions to dismiss, but the Court anticipates Defendants will renew their motions to dismiss and, again, seek dismissal

of the entire action. Thus, it remains appropriate to stay all discovery deadlines and discovery obligations until the motions to dismiss have been ruled on." *Id*. Allowing expansive discovery to be forced on Defendants and Non-Parties at this time – before the Court has even determined whether Plaintiffs plead a plausible antitrust claim (and even before Plaintiffs have filed their operative amended complaint) – would contradict the concerns explicitly addressed by the Supreme Court in *Twombly* and applied in myriad precedents since then.

Finally, there is no need for such immediate discovery and no reason that a brief delay until the response to Plaintiffs' amended complaint is addressed and a determination is made regarding the plausibility of their claims would prejudice Plaintiffs. All defendants have taken steps to preserve potentially relevant documents in this matter, such that, to the extent they survive Defendants' forthcoming motion to dismiss, Plaintiffs' claims would be unaffected by the requested brief delay in discovery. When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn County*, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Thus, the total absence of harm to Plaintiffs from the requested brief delay of discovery must be balanced against – and is clearly outweighed by – the great financial harm to and disruption of the businesses of Defendants and the Non-Parties from having to respond to extremely broad requests and compile extensive productions of documents that may not be relevant to Plaintiffs' forthcoming amended allegations – or may be partially or entirely mooted by Defendants' forthcoming motion to dismiss.

For the foregoing reasons, it is respectfully submitted that the Court should stay discovery

until the disposition of Plaintiffs' forthcoming amended complaint and Defendants' forthcoming motion to dismiss are determined.

**WHEREFORE**, Defendants respectfully request the Court issue an order staying all discovery in this case until the resolution of Defendants' forthcoming motion to dismiss Plaintiffs' forthcoming amended complaint, substantially in the form attached as **Exhibit A**.

Date: December 22, 2025              Respectfully submitted,

*/s/ Jacqueline Arango*
**Jacqueline Arango**
Florida Bar No.: 664162
Jacqueline.arango@akerman.com
**Christopher W. Boyett**
Florida Bar No.: 1019707
Christopher.boyett@akerman.com
**Akerman LLP**
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
(305) 982-5527

**Richard Brosnick**
*(Admitted Pro Hac Vice)*
**Akerman LLP**
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
(212) 880-3800

**Beth J. Kushner**
*(Admitted Pro Hac Vice)*
bkushner@vonbriesen.com
**Christopher E. Avallone**
*(Admitted Pro Hac Vice)*
Christopher.avallone@vonbriesen.com
**von Briesen & Roper SC**
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
(414) 276-1122

*Attorneys for Defendants Keys Fisheries, Inc. and Gary Graves*

*/s/ G. Bartram Billbrough*
**G. Bartram Billbrough**
Florida Bar No.: 334261
bart@billbroughfirm.com
**The Billbrough Firm**
7321 S.W. 146 Terrace
Miami, FL 33158
(305) -359-8085

*/s/ Robert Nelson Pelier*
**Robert Nelson Pelier**
Florida Bar No.: 0998834
rpelier@pelierlaw.com
**Law Office of Robert N. Pelier, P.A.**
4649 Ponce de Leon Boulevard, Suite 301
Coral Gables, FL 33146
(305) 529-9199

*Attorney for Defendants D & D Seafood Corporation and Dennis Dopico*

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B) and the discovery procedures for Magistrate Judge Lauren Louis, I hereby certify that counsel for Defendants have conferred with counsel for Plaintiffs, and Plaintiffs' counsel has advised Plaintiffs do not agree on the relief sought herein. On November 26, 2025 at 2:40 P.M., counsel for Plaintiffs and counsel for Defendants conferred via email, and counsel for Plaintiffs represented they would not agree to any stay of discovery in this case while a motion challenging the sufficiency of their pleadings were pending. On December 1, 2025 the parties participated in a Rule 26 conference, and Plaintiffs again reiterated their disagreement with Defendants' request for a stay of discovery.

*/s/ Jacqueline Arango*
Jacqueline Arango