**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-24603-CMA

PARADISE TAILS, INC., *et al.*,

Plaintiffs,

v.

D&D SEAFOOD CORPORATION, *et al.*,

Defendants.
_______________________________________ /

**ORDER ON DISCOVERY DISPUTE**

**THIS CAUSE** is before the Court upon Plaintiffs' *Ore Tenus* Motion to Compel Response to their Requests for Production. Plaintiffs noticed the Parties' discovery dispute on January 21, 2026. (ECF No. 88).[1] The undersigned convened a hearing on Plaintiffs' Notice on January 27. Based upon the Parties' oral argument and the materials submitted in advance of the hearing, Plaintiff's Motion was **GRANTED, in part**. This Order memorializes but does not alter the rulings made in open court.

Plaintiffs' Notice complained that Defendant Keys Fisheries, Inc. had failed to serve responses and objections to Plaintiffs' First Set of Requests for Production. Defendant's deadline to serve its responses and objections was January 9, 2026; Defendant served its responses on January 23, without obtaining an extension either from Plaintiffs by agreement or from the Court by motion. Plaintiffs argue that Defendant's failure to timely raise objections to Plaintiffs' Requests justifies an order finding that any objections have been waived.

[1] The Honorable Cecilia M. Altonaga, Chief United States District Judge, has referred all discovery matters in the above-captioned case to the undersigned United States Magistrate Judge. (ECF No. 72 at 3).

Defendant asserted that because it served its responses and objections on January 23, 2026, the dispute noticed for hearing was moot. Despite acknowledging that its responses and objections, if any, were due on January 9, 2026, Defendant maintained that its objections were timely raised in its Motion to Stay Discovery, (ECF No. 79). That motion was denied on January 13, 2026, four days after Defendant's response and objections were due; Defendant offered only that there was a misunderstanding over whether Plaintiffs agreed to Defendant's proposed extension to serve on the twenty-third.

Defendant's responses and objections are untimely.[2] A motion to stay discovery is not self-executing. *Supercooler Techs., Inc. v. Coca-Cola Co.*, No. 23-cv-187, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023) (citing *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, No. 05-cv-1113, 2006 WL 2038534, at *3 (M.D. Fla. Jul. 19, 2006)). Defendants' pending Motion to Stay Discovery did not relieve Defendant of its discovery obligations under the Federal Rules of Civil Procedure and this District's Local Rules. *See id.* The failure to timely raise objections to Plaintiffs' discovery requests justifies a finding that Defendant has waived objections thereto.

Notwithstanding, discovery in this case—like all cases—is limited by Rules 1 and 26 of the Federal Rules of Civil Procedure. Which is to say, Defendant's failure to timely object to Plaintiffs' requests is not grounds enough to compel Defendant's production of documents beyond that which is proportional to the needs of the case. Having reviewed both the Requests and the untimely objections thereto, the undersigned observed in open court that some requests appear facially overbroad, while Defendant's asserted objections are impermissibly non-specific.[3] Any

---

[2] The undersigned rejected Defendant's argument that the dispute noticed for hearing was rendered moot by Defendant's post-deadline service of its discovery responses and objections on Plaintiffs' counsel; Plaintiffs sought an order deeming Defendant's objections waived precisely because they were untimely served.

[3] The Court does not recognize such objections. *Murray v. Learjet, Inc.*, No. 23-cv-60012, 2023 WL 12177888, at *2 (S.D. Fla. Sept. 13, 2023) (citations omitted). As noted in my Discovery Practices and Procedures, non-specific or "boilerplate" objections to discovery requests are prohibited by the Federal Rules of Civil Procedure and the

meaningful effort to focus the scope of discovery is, at this point, thwarted by Defendant's election to *not* begin producing any documents: neither those identified in its initial disclosures, nor those that Defendant's Responses agreed to produce. Defendant has neither identified potential custodians nor undertaken to collect its ESI.

I have ordered the Parties to participate in a discovery protocol, as follows:

By February 3, 2026, Defendant will serve amended responses to Plaintiffs' Requests for Production. In its amended response, Defendant will avoid non-specific, generalized, and/or uninformed objections. Defendant's amended response **SHALL** be informed by a *reasonable inquiry*, as required pursuant to Federal Rule of Civil Procedure 26(g), including reasonable investigation into the existence of responsive documents and actual burden associated with their collection and production.

A discovery status conference is now set for February 6, 2026, at 2:00 P.M., for the purpose of addressing any impediments to Defendant's completion of its production.

The Parties must confer at least once, not by email, prior to the status conference.

**DONE and ORDERED** in open court at Miami, Florida, this 27th day of January, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Local Rules of this District. *See* Fed. R. Civ. P. 34(b)(2)(B); S.D. Fla. L.R. 26.1(e)(2)(A). Non-specific objections are the equivalent of failing to respond at all.