**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-24603-CMA

PARADISE TAILS, INC., *et al.*,

Plaintiffs,

v.

D&D SEAFOOD CORPORATION, *et al.*,

Defendants.
_______________________________________/

**ORDER ON DISCOVERY DISPUTE**

**THIS CAUSE** returns to the Court upon Plaintiffs' efforts to compel production from Defendant Keys Fisheries, Inc. Plaintiffs initially noticed a hearing on Defendant's complete failure to respond at all to its requests for production of documents. (ECF No. 88). At a hearing on that dispute, (ECF No. 89), the undersigned agreed that Defendant's failure to timely serve objections to the requests would justify a finding that Defendant had waived any objections thereto. In effort to promote efficiency, however, I afforded Defendant time to amend its responses to raise specific objections, informed by a reasonable inquiry into the documents and data actually available to the Defendant. (ECF No. 91).

The undersigned convened a status conference on February 6, 2026, to ensure the Parties' compliance with the Court's Order. (ECF No. 103). In advance of the hearing, Plaintiffs submitted to Chambers source materials that revealed that Defendant had still not produced any documents at all, despite noting the absence of objection to certain categories of documents sought.

At the hearing, Plaintiffs renewed their Motion to Compel the immediate production of documents. The Motion was **GRANTED**. This Order memorializes but does not alter the rulings made in open court.

Considering the fast-approaching deadline to file its motion for class certification, (ECF No. 72 at 1), Plaintiffs identified two categories of documents that are clearly identifiable and capable of immediate production. First, Plaintiffs seek documents and data responsive to their Second Request for Production, which seeks transaction-level data for purchases of the relevant products from direct sellers, including fisherman. Plaintiffs proffered that Defendant can retrieve this data from the FWC website. Second, Plaintiffs seek production of documents that have already been collected and produced to the Government in connection with the criminal investigation preceding this follow-on action.

Defendant's Amended Responses and Objections to Plaintiffs' Requests lead with three pages of generalized, blanket objections that are further incorporated into "specific" objections to each Request. The Court's January 27 Order advised that the Court does not recognize generalized objections. *See* (ECF No. 91 at 2 & n.3) (citing *Murray v. Learjet, Inc.*, No. 23-cv-60012, 2023 WL 12177888, at *2 (S.D. Fla. Sept. 13, 2023) (citation omitted); *see also, e.g.*, *Ghanan, LLC v. Palm Steak House, LLC*, No. 12-80762-Civ, 2021 WL 7540810, at *2 (S.D. Fla. June 7, 2021) (collecting cases); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 04-60268-CIV, 2014 WL 6473232, at *1–2 (S.D. Fla. Nov. 18, 2014) (collecting cases); *Fed. Deposit Ins. Corp. v. Old Republic Nat'l Title Ins. Co.*, No. 12-81172-CIV, 2013 WL 12096453, at *3 (S.D. Fla. Nov. 13, 2013); *Ochoa v. Empresas ICA, S.A.B. de C.V.*, No. 11-23898-CIV, 2012 WL 3260324, at *4 (S.D. Fla. Aug. 8, 2012). Indeed, this Court's Discovery Practices and Procedures caution that non-specific or "boilerplate" objections to discovery requests are prohibited by the Federal Rules of

Civil Procedure and the Local Rules of this District. *See* Fed. R. Civ. P. 34(b)(2)(B); S.D. Fla. L.R. 26.1(e)(2)(A). Defendant's generalized objections to Plaintiffs' Requests were **OVERRULED**.

Defendant objects to the scope of the request for transactional data, arguing that the relevant timeframe alleged in the Amended Complaint is no earlier than 2023[1] and accordingly Defendant objects to the collection or production of data before 2023. Defendant's objection to the burden of complying with Plaintiffs' request was not substantiated at all; defense counsel has not even attempted to confirm the availability of the data from the FWC or the burden attendant to its retrieval. Defendant's relevance objection is similarly misplaced, as the Complaint patently alleges a conspiracy that arose well before 2023. *See, e.g.*, (ECF No. 85 ¶¶ 72–77). These objections were **OVERRULED** and Plaintiffs' motion to compel **GRANTED**.

With respect to the documents that have already been produced to the Government, Defendant raised two objections. First, Defendant contends that the scope of that prior production exceeds the scope of relevance to this action; the Relevant Products at issue here are more narrow. Defense counsel stated an intention to review the prior production, of approximately 7,000 documents, in order to identify and remove documents beyond the relevant scope here. While I do not reach any conclusion on the merit of Defendant's relevance argument with respect to this body of documents, the objection—and proffered review process—will not support any further delay in production of the documents to Plaintiffs.

Finally, Defendant maintains that it needs a confidentiality/protective order before it can commence the production of materials responsive to Plaintiffs' Requests. Defendant has not sought

---

[1] Defendant contends that the Amended Complaint is predicated on the guilty plea of Dennis Dopico for his participation in a Sherman Act violation occurring between July 1, 2023 and April 2025.

any protective order from the Court,[2] and its insistence on the need for entry of a protective order does not suffice as grounds to delay its production of materials responsive to Plaintiffs' requests.

The Court **ORDERED** that, by no later than **Monday, February 9, 2026**, Defendant **SHALL** produce to Plaintiffs: (1) all documents responsive to Plaintiffs' Request for Production No. 21 and submitted to the United States in connection with *United States of America v. Dennis Dopico*, No. 1:25-cr-20393-CMA (S.D. Fla.); and (2) documents sufficient to show transaction-level data for purchases of the relevant products from direct sellers of stony crab claws and spiny lobsters, from August 1, 2019 to September 2025.

**DONE and ORDERED** in open court at Miami, Florida, this 6th day of February, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

[2] The Court instructed the Parties that they could confer and, upon reaching agreement on the essential terms of a stipulated protective order, submit the protective order via email to the Court for approval and entry.