**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-24603-CMA**

PARADISE TAILS, INC.,
REEL FAITH FISHING LLC,
ERICK BRAVO, JOSE D. HERNANDEZ,
and all others similarly situated,

vs.

D & D SEAFOOD CORPORATION,
KEYS FISHERIES, INC.,
DENNIS DOPICO, and
GARY GRAVES,

Defendants.
_________________________/

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' UNCONTESTED MOTION TO INTERVENE**

The United States of America, through the Antitrust Division of the United States Department of Justice (the "United States" or the "Division"), submits this memorandum of law in support of its uncontested motion to intervene in the above-captioned civil matter. The Division seeks intervention as of right pursuant to Federal Rule of Civil Procedure 24(a) in order to protect the integrity of an ongoing federal criminal investigation. In the alternative, the United States seeks permissive intervention under Rule 24(b) for the same purpose.

If the Court grants this motion, the United States will seek a limited stay of certain discovery that threatens to jeopardize the integrity of the criminal investigation. The United States will seek to stay discovery that threatens to reveal confidential information about an ongoing criminal investigation or to circumvent the limits on the scope of discovery in a criminal matter. Accordingly, the United States respectfully requests that the Court grant the motion.

## I. BACKGROUND

A federal Grand Jury in this District is conducting a criminal investigation into antitrust violations in Southern Florida's seafood industry. On September 16, 2025 "[t]he vice president of a Miami-based seafood wholesaler [named Dennis Dopico] pleaded guilty ... to conspiring with competitors to fix prices for the purchase of stone crab claws and spiny lobster in Florida" in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[1] Plaintiffs – apparently in response to the information in the guilty plea – then filed this putative class action alleging, *inter alia*, a conspiracy among several seafood wholesalers in South Florida to fix prices in violation of the Sherman Act. The Court has described this case as a "follow-on action" to the criminal investigation. Order on Discovery Dispute, ECF No. 109, at 2. The Complaint names Dennis Dopico as one of four Defendants and alleges that Plaintiffs learned of the conspiracy when the Antitrust Division announced Mr. Dopico's September 16, 2025 guilty plea. Complaint, ECF No. 1, ¶ 10. Thus, there is substantial factual and legal overlap between certain issues underpinning the criminal investigation and the issues the parties will litigate here.

Plaintiffs have served written discovery requests on Defendants seeking information gathered in connection with the criminal investigation, which would include Grand Jury material. This includes, for example: requests for copies of subpoenas and documents produced in response to those subpoenas; documents provided to entities of the State of Florida; and the identity of potential witnesses and cooperators in the Division's criminal case. The disclosure of such information threatens the integrity of the ongoing criminal investigation and any potential

[1] See U.S. Department of Justice Office of Public Affairs, "Executive of Miami-Based Seafood Holding Company Pleads Guilty to Price-Fixing Conspiracy," 16 September 2025, https://www.justice.gov/opa/pr/executive-miami-based-seafood-wholesale-company-pleads-guitly-price-fixing-conspiracy.

proceedings before a Grand Jury, including interfering with potential witnesses. The discovery requests could furthermore reveal which persons and entities—who may be parties or witnesses in this civil action—are subjects or potential targets of the ongoing criminal investigation. Accordingly, the United States respectfully moves to intervene.

**Argument**

"It is well-established that the [government] may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *SEC v. Martin*, No. 6:17-cv-1385-Orl-37GJK, 2020 U.S. Dist. LEXIS 273360, (M.D.Fla. June 5, 2020) at *2 (granting the United States' motion to intervene as of right); *see also In re Fragrance Direct Purchaser Antitrust Litig.*, No. 2:23-02174, 2025 U.S. Dist. LEXIS 126464 (D.N.J. June 30, 2025) at *1 ("The United States of America through the Antitrust Division of the United States Department of Justice is permitted to intervene in this action for the purpose of seeking a limited stay of discovery in this civil action."). Indeed, in these circumstances, intervention is routine. *See, e.g. SEC v. RAND*, 805 Fed.Appx. 871, 874 (11th Cir. 2020) (Noting in passing that "[t]he United States government moved to intervene in the civil case and requested a limited stay of discovery during the pendency of the criminal case. Following oral argument, a magistrate judge granted the stay."). Similarly here, the Court should grant the United States' motion to intervene as of right under Rule 24(a) or grant permissive intervention through an exercise of the Court's discretion under Rule 24(b).

**a. *The United States is Entitled to Intervene as a Matter of Right***

Pursuant to Federal Rule of Civil Procedure 24(a)(2), [i]intervention is permitted as a matter of right when the moving party demonstrates that "(1) [its] motion is timely, (2) [it] has an interest relating to the property or transaction which is the subject of the action; (3) [it] is so situated

that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [its] interest is represented inadequately by the existing parties to the suit." *Lloyd v. Alabama Dep't of Corrections*, 176 F.3d 1336, 1340-41 (11th Cir. 1999) (affirming order granting motion to intervene). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) (reversing order denying motion to intervene). The United States meets each of the factors for intervention in this action.

As to the first factor, the timeliness of a motion to intervene is determined from the totality of the circumstances. *See, e.g., NAACP v. New York*, 413 U.S. 345, 366 (1973) ("Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all of the circumstances. And it is to be determined by the court in the exercise of its sound discretion."). The Eleventh Circuit has held that the factors bearing on timeliness are:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Hollywood Cmty. Synagogue, Inc. v. City of Hollywood,* 254 Fed.Appx. 769, 771 (11th Cir. 2007).

The motion is timely. First, the Division received notice on January 26, 2026, that Plaintiffs had served Interrogatories and Requests for Production on all Defendants that seek information relating to the criminal investigation. Declaration of Brian A. White ("White Decl."), ¶ 4. Second,

discovery in this civil action is just beginning. Thus, there can be no prejudice to the parties based on the timing of this motion. Third, the United States would suffer significant prejudice if discovery in this lawsuit negatively impacts the criminal investigation and Grand Jury proceedings, as set forth in greater detail below. Fourth, there are no unusual circumstances present here. In short, this is not a case where the intervenor "attempt[s] to intervene during the eleventh hour of settlement negotiations or immediately before a court's final action in reviewing and approving a proposed consent decree." *Kelly v. Harrison*, No. 1:21-cv-56-RAH-SMD, 2021 U.S. Dist. LEXIS 140677 at *7 (M.D. Ala., July 28, 2021) (granting motion to intervene).

The second and third factors for applying Rule 24(a)(2)—a showing that the United States has an interest in the subject matter of this litigation and that the interest may be impeded by its outcome—are likewise satisfied. The United States' interest in the subject matter of this litigation is clear. The face of the Complaint shows that Plaintiffs are pursuing antitrust claims based at least in part on facts Plaintiffs allegedly discovered as a result of Defendant Dopico's guilty plea in connection with the Division's criminal investigation. Specifically, the Complaint alleges the existence of a conspiracy that was fraudulently concealed until it was revealed by the Division's disclosure of Mr. Dopico's guilty plea. Complaint, ECF No. 1, ¶ 10.

Moreover, the discovery the United States will seek to stay goes to the heart of the criminal investigation and threatens to impede it. For example, Plaintiffs' Request for Production No. 21 seeks "[a]ll Documents, and Communications relating to any investigation, inquiry, subpoena, civil investigative demand, or request for information by any governmental or regulatory body (including the Department of Justice...)." White Decl., Exhibit 1. Plaintiffs' Interrogatories seek information relating to "any complaints, inquiries, investigations, or reports from any ... regulators," and "any complaint, tip, referral report or referral You made (anonymously or

otherwise) to law enforcement." White Decl., Exhibit 2. Disclosure of documents and information responsive to these discovery requests would inevitably impede the United States' interest because it would reveal confidential information about the investigation, including evidence collected by the Grand Jury and the identity of cooperators and witnesses who may have appeared before, or may be called to appear before, the Grand Jury.

Furthermore, Plaintiffs' discovery requests purport to identify certain of the Defendants' "Co-Conspirators" while seeking to identify others. *Id.,* Definition No. 2; Plaintiffs' First Requests for Production, Request No. 8. As discovery progresses, the parties are likely to seek depositions of individuals who may be targets of the criminal investigation, again risking premature disclosure of information that is the subject of the investigation and that may be before the Grand Jury. This includes the opportunity for potential criminal defendants to obtain discovery in this matter that goes beyond the scope of discovery permitted in a criminal prosecution. Courts routinely recognize the government's right to intervene to protect the integrity of criminal investigations from such intrusions. *See, e.g., SEC v. Huff*, No. 07-61693-CIV-LENARD/GARBER 2010 U.S. Dist. LEXIS 166032, at *12 (S.D. Fla. Jan. 19, 2010) (finding that the government "possesse[d] a legitimate concern that the civil discovery process could be abused to the detriment of its criminal prosecution" and recognizing the strong public interest "in protecting the integrity of criminal prosecutions"). Federal courts have consistently recognized the government's right to intervene in civil actions that threaten interference with, or premature exposure of, ongoing criminal investigations, even in the pre-indictment stage. *See, e.g., SEC v. McFadden*, No. 2:09-CV-02238-AKK, U.S. Dist. LEXIS 126836 (N.D. Ala. Mar. 23, 2011) (granting the Antitrust Division's motion to intervene in a civil action for the purpose of seeking a stay of certain discovery to avoid compromising an ongoing, related criminal investigation).

As to the fourth factor, no existing party to this civil litigation adequately represents the Division's interest in maintaining the integrity of the ongoing criminal investigation. *See In re Urethane*, No. 04-MD-1616-JWL 2010 U.S. Dist. LEXIS 113796, at *49-50 (D. Kans. October 21, 2010) (granting motion to intervene where the United States sought "to protect broader public interests that the private [parties] may not adequately defend," including protection of "the public's interest in law enforcement by protecting the secrecy of its investigation"). To the contrary, the parties to this civil action have a perverse incentive to pursue the disclosure of certain facts regarding the investigation, including matters before the Grand Jury, because such disclosure may help support their claims or rebut claims made against them.

The fact that no existing party adequately represents the United States' interests is illustrated by the fact that the Court has already granted a motion to compel certain Defendants to produce materials collected in connection with the criminal investigation. Order on Discovery Dispute, ECF No. 109. In opposing that motion, Defendants raised objections based on relevancy and the need for a protective order. Defendants did not raise the need to protect the integrity of the criminal investigation. Thus, the United States' interests were not presented to the Court. These are the precise circumstances that warrant intervention, and the United States should have the opportunity to ensure this Court is aware of the potential consequences of allowing improper civil discovery to gain insight into a parallel criminal matter. *See, e.g., Campbell v. Eastman*, 307 F.2d 478, 487 (5th Cir. 1962) (staying civil litigation because "[a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery[.]")[2]; *SEC v. Hernandez*, No. 6:22-cv-2367-RBD-RMN, 2023

[2] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the creation of the Eleventh Circuit on October 1, 1980, are "binding as precedent" in courts sitting in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

U.S. Dist. LEXIS 134670, at *3 ("The public has a strong interest in preventing the civil discovery rules from being used to circumvent the criminal discovery rules.") (citations and quotations omitted); *see also*, *Eastwood Enters., LLC v. Farha*, No. 8:07-CV-1949-T-33EAJ, 2010 U.S. Dist. LEXIS 149629, at *16 (holding that "current and future discovery requests must be tailored to avoid encompassing 'information regarding the grand jury investigation' ... includ[ing] documents received by a party or third-party from the government or a grand jury in connection with a criminal investigation" and that "[a]ny deposition questions should similarly avoid delving into such matters.").

**b. *In the Alternative, the Court Should Permit the United States to Intervene as a Matter of Discretion***

In the alternative, Federal Rule of Civil Procedure Rule 24(b) provides for permissive intervention. Specifically, Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defenses that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In addition, Rule 24(b)(2)(A) allows for permissive intervention where a federal governmental agency seeks to intervene in a case where a party's claim or defense is based on a statute administered by that agency. Here, Count 1 of the Complaint invokes the Sherman Act, which is enforced by the Division.

"Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D. Pa. 1987) (citing *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967)). Such intervention should "be granted liberally to governmental agencies because they purport to speak for the public interest." *Amalgamated Transp. Union, Local 1729 v. First Group Am. Inc.*, No. 2:15-CV-806, 2016 U.S. Dist. LEXIS 16167 (W.D. Pa. February 10, 2016) , at *3 (citations omitted). Indeed, even in an outlier case where the Southern District of Florida held that the United

States was not permitted to intervene in a civil case to protect the integrity of a criminal investigation as a matter of right, the Court easily found that "the United States ha[d] shown good cause for permissive intervention." *Fed. Trade Comm'n v. Mail Tree Inc.,* No. 15-61034-CIV-COHN/SELTZER, 2016 U.S. Dist. LEXIS 154934, at *5 (S.D. Fla. Feb. 29, 2016).

For the same reasons explained above, the United States has met the standards for permissive intervention.

**c. *Rule 24(c)'s Pleading Requirement is Met or Excused***

Rule 24(c) states that a motion for intervention "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Courts in the Eleventh Circuit generally excuse the requirement of a separate pleading where the intervenor files a motion that places the parties on notice of the intervenor's interest in the case. In particular, "[t]he Eleventh Circuit has rejected a strict reading of Rule 24(c) and has chosen to 'disregard nonprejudicial technical defects." *NRDC v. Nat'l Park Serv.,* No. 2:16-cv-585-FtM-99CM, 2016 U.S. Dist. LEXIS 133236, *12 (MD Fla September 28, 2016), *quoting Piambo v. Bailey,* 757 F.2d 1112, 1121 (11th Cir. 1985).

Moreover, it would serve no purpose for the United States to file any of the pleadings listed in Federal Rule of Civil Procedure 7 because the United States is not asserting any claims, counterclaims or defenses in this litigation. *See Pro Lawns, Inc. V. Fid. & Deposit Co.*, No. 3:14-CV-408-WKW [WO], 2015 U.S. Dist. LEXIS 7734 at *9-10 (M.D. Ala., January 23, 2015) (excusing the need for a separate pleading when intervenor did not seek to advance its own claims). "[T]o insist that [the movant] accompany its Motion to Intervene with a proper pleading would be to command that [it] needlessly expend resources ... [and impact] judicial economy." *Id.*

The purpose of Rule 24(c) is to place the parties on notice of the claims and defenses in

which the intervenor claims an interest. The United States' interest lies in the scope and timing of discovery on Counts I (Violation of Section 1 of the Sherman Act), II (Violation of the Florida Antitrust Act), and III (Unjust Enrichment) to the extent that discovery requests seeking information and evidence related to those claims, or defenses to them, may disrupt the integrity of the Grand Jury investigation. Moreover, since the United States does not intend to pursue any claim for substantive relief in this civil action, no purpose would be served by filing a pleading. The United States respectfully submits that the pleading requirement is met by the contents of this motion or requests that it be excused pursuant to Eleventh Circuit precedent.

## II. CONCLUSION

Because the United States meets the criteria to intervene as a matter of right—or in the alternative, as a matter of discretion—the United States respectfully requests that the Court allow it to intervene in this civil action.

Dated: February 16, 2026
Washington, DC

Respectfully submitted,

/s/ Brian A. White
Brian A. White, Special Bar ID# A5503465
Senior Litigation Counsel
Ryan D. Tansey, Special Bar ID# A5502279
Chief, Washington Criminal Section
United States Department of Justice, Antitrust Division
450 Fifth St NW, Suite 3000
Washington, DC 20530
Tel. No. (202) 826-8795
Fax: (202) 514-7308
Brian.White6@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Brian A. White, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: February 16, 2026

/s/ Brian A. White
Brian A. White