**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-24603-CMA**

PARADISE TAILS, INC.,
REEL FAITH FISHING LLC,
ERICK BRAVO, JOSE D. HERNANDEZ,
and all others similarly situated,

vs.

D & D SEAFOOD CORPORATION,
KEYS FISHERIES, INC.,
BSC FISHERIES LLC,
BILLY'S STONE CRABS, INC.,
DENNIS DOPICO a/k/a Snake
GARY GRAVES, BRIAN C. HERSHEY,
ERNEST HAMILTON STONE CRABS,
and SUMMIT KLF LLC

Defendants.
_________________________/

**INTERVENOR THE UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A LIMITED PARTIAL STAY OF DISCOVERY**

The United States of America, through the Antitrust Division of the United States Department of Justice (the "United States" or the "Division"), respectfully submits this Memorandum of Law in Support of its Motion for a Limited Partial Stay of Discovery. The purpose of the Motion is to protect the integrity of the ongoing federal criminal investigation that triggered this "follow-on action." Order on Discovery Dispute, ECF No. 109, at 2. The United States seeks an order that will (1) temporarily stay all depositions and interrogatory responses, but (2) allow all document production except for production of materials that would reveal information about investigative steps the Division has taken or will take, including disclosure of Grand Jury material. This relief is necessary to prevent disclosure of confidential information about the

criminal investigation and any attempt to use liberal civil discovery rules to circumvent the limits on the scope of discovery in a criminal matter.[1]

## I. BACKGROUND

A federal Grand Jury in this District is conducting a criminal investigation into antitrust violations in Southern Florida's seafood industry. On September 16, 2025, "[t]he vice president of a Miami-based seafood wholesaler [named Dennis Dopico] pleaded guilty ... to conspiring with competitors to fix prices for the purchase of stone crab claws and spiny lobster in Florida" in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[2] Plaintiffs – apparently in response to the information in the guilty plea – then filed this putative class action alleging, *inter alia*, a conspiracy among several seafood wholesalers in South Florida to fix prices in violation of the Sherman Act. The First Amended Complaint (the "Complaint") in this civil action names Dennis Dopico as one of eight Defendants and alleges that Plaintiffs learned of the conspiracy when the Antitrust Division announced Mr. Dopico's September 16, 2025 guilty plea. Complaint, ECF No. 85, ¶ 10. Thus, there is substantial factual and legal overlap between certain issues underpinning the criminal investigation and the issues the parties will litigate here. *See also* Declaration of Ryan Tansey ("Tansey Decl.,") ¶¶7-12.[3]

---

[1] As discussed below, the United States understands that this Court has previously entered an order compelling production of certain materials that are the subject of the instant motion. Order on Discovery Dispute, ECF No. 109. The United States asks that the Court direct that those materials be clawed back.

[2] See U.S. Department of Justice Office of Public Affairs, "Executive of Miami-Based Seafood Holding Company Pleads Guilty to Price-Fixing Conspiracy," 16 September 2025, https://www.justice.gov/opa/pr/executive-miami-based-seafood-wholesale-company-pleads-guitly-price-fixing-conspiracy.

[3] The United States is filing the Tansey Decl. *ex parte* because its purpose is to disclose to the Court confidential information relating to the criminal proceedings.

Plaintiffs have served written discovery requests on Defendants seeking information gathered in connection with the criminal investigation, including Grand Jury material. This includes, for example: requests for copies of subpoenas and documents produced in response to those subpoenas; documents provided to entities of the State of Florida; and the identity of potential witnesses in the Division's criminal case. The disclosure of such information threatens the integrity of the ongoing criminal investigation and any potential proceedings before a Grand Jury, including interfering with potential witnesses. The discovery requests could furthermore reveal which persons and entities—who may be parties or witnesses in this civil action—are subjects or potential targets of the ongoing criminal investigation. Moreover, depositions would inevitably – and prematurely -- disclose testimony of one or more government witnesses in the criminal case. *See, e.g.,* Tansey Decl., ¶ 12. Accordingly, the United States respectfully moves for a limited, partial stay.

## II. ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident of its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 U.S. Dist. LEXIS 87200, *4 (S.D. Fla., July 6, 2015) (same). Courts should stay a civil action running in parallel to a criminal case when "special circumstances so require in the interests of justice." *United States v. Lot 5,* 23 F.3d 359, 364 (11th Cir. 1994) (citations and quotations omitted). In addition to the option of granting (or denying) the stay, "[i]n the proper case, the trial judge should use [their] discretion to narrow the range of discovery." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (reversing order denying a stay);[4] *see also, SEC v.*

[4] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the creation of the Eleventh Circuit on October 1, 1980, are "binding as precedent" in courts sitting in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*McFadden*, No. 2:09-cv-02238, 2011 U.S. Dist. LEXIS 174158, *4 (N.D. Ala. March 23, 2011) (granting the Antitrust Division's motion for a limited stay and ordering "that no party may seek through any form of discovery any information about the existing or future criminal prosecutions, or the Division's criminal investigation.").

The *Campbell* Court explained in detail the policies that come into play when there are parallel civil and criminal cases. "[A] judge should be sensitive to the difference in the rules of discovery in civil and criminal cases" because "the rules governing criminal discovery are far more restrictive." *Campbell*, 307 F.2d at 487. The Court noted first that document production under the Federal Rules of Criminal Procedure is substantially narrower than document production under the Federal Rules of Civil Procedure. *Id.* Second, "18 U.S.C. § 3500 does away with any pre-trial discovery of statements of a government witness. A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery." *Id.*

District Courts in the Eleventh Circuit have articulated various tests to determine whether a stay is justified. The Southern District of Florida's ruling in *Kinsey v. Aledda* is instructive. "The factors relevant to determining whether 'special circumstances' exist include:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. Another consideration is whether, as a result of invoking the Fifth Amendment privilege against self-incrimination, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue."

No. 16-23330-CIV, 2018 U.S. Dist. LEXIS 244722, *5-6 (S.D. Fla. Sept. 5, 2018) (citations omitted); *see also, FTC v. Mail Tree,* No. 15-61034-CIV, 2016 U.S. Dist. LEXIS 154934, at *7-9 (S.D. Fla. Feb. 29, 2016) (articulating similar but not identical criteria for weighing relevant public and private interests). Here, the relevant public and private interests weigh heavily in favor of a stay, as demonstrated by application of the *Kinsey* factors.

***Similarity of Issues.*** First, "Courts consider the similarity of issues in the underlying civil and criminal actions to be the most important threshold issue in determining whether to grant a stay." *Kinsey*, 2018 U.S. Dist. LEXIS 244722 at *7. It is beyond dispute that this civil action shares substantial overlap with the criminal investigation. Mr. Dopico, a named Defendant in this action, has pleaded guilty to participating in an antitrust conspiracy concerning the purchase and sale of stone crab claws and spiny lobsters in Southern Florida. Tansy Decl., ¶ 7. The Grand Jury is investigating other participants or potential participants in that conspiracy. Tansy Decl., ¶ 9. The Complaint alleges civil antitrust violations based on the same conspiracy. *See generally,* Complaint, ECF No. 85. The Complaint names Mr. Dopico as a Defendant, purports to identify the other 6 Defendants (D&D Seafood Corporation, Keys Fisheries, Inc., BSC Fisheries LLC, Billy's Stone Crabs, Inc., Gary Graves, Brian C. Hershey, Ernest Hamilton Stone Crabs Corp., and Summit KLF LLC) as other participants in the conspiracy, and alleges the existence of other "unnamed co-conspirators." *Id.*, ¶1. It is clear that the Grand Jury investigation and Plaintiffs' discovery in this action will explore similar issues, such as the identity of, and actions taken by, Mr. Dopico's co-conspirators, Tansey Decl., ¶ 9, as well as other areas of clear overlap. Tansey Decl., ¶ 10. Finally, as the Court has already recognized, this civil action is a "follow-on" to the criminal investigation. Order on Discovery Dispute, ECF No. 109, at 2.

It makes sense that the level of overlap between civil and criminal matters is the first issue

because the greater the degree of overlap, the greater the risk that parties will use civil discovery to circumvent limits on criminal discovery. That is the very concern that animated the Fifth Circuit in *Campbell*. 307 F.2d at 478. Plaintiffs have already issued written discovery seeking information relating to the Grand Jury's work. For example, Plaintiffs' Request for Production No. 21 seeks "[a]ll Documents, and Communications relating to any investigation, inquiry, subpoena, civil investigative demand, or request for information by any governmental or regulatory body (including the Department of Justice...)." ECF No. 128-1, White Decl., Exhibit 1. Plaintiffs' Interrogatories seek information relating to "any complaints, inquiries, investigations, or reports from any ... regulators," and "any complaint, tip, referral report or referral You made (anonymously or otherwise) to law enforcement." *Id.*, White Decl., Exhibit 2. Disclosure of documents and information responsive to these discovery requests would inevitably impede the United States' interest because it would reveal confidential information about the investigation, including evidence collected by the Grand Jury and the identity of cooperators and witnesses who may have appeared before, or may be called to appear before, the Grand Jury.

Furthermore, Plaintiffs' discovery requests purport to identify certain of the Defendants' "Co-Conspirators" while seeking to identify others. *Id.,* Definition No. 2; Plaintiffs' First Requests for Production, Request No. 8. As discovery progresses, the parties are likely to seek depositions of individuals who may be targets of the criminal investigation, or potential witnesses at a criminal trial, again risking premature disclosure of information that is the subject of the criminal investigation and that may be before the Grand Jury. This includes the opportunity for potential criminal defendants to obtain discovery in this matter that goes beyond the scope of discovery permitted in a criminal prosecution. Courts routinely recognize the government's right to protect the integrity of criminal investigations from such intrusions. *See, e.g.*, *SEC v. Huff*, No. 07-61693-

CIV, 2010 U.S. Dist. LEXIS 166032, at *12 (S.D. Fla. Jan. 20, 2010) (finding that the government "possesse[d] a legitimate concern that the civil discovery process could be abused to the detriment of its criminal prosecution" and recognizing the strong public interest "in protecting the integrity of criminal prosecutions").

***Status of the Criminal Case.*** Second, "Courts generally recognize that the case for a stay is strongest where the defendant has already been indicted." *Kinsey*, 2018 U.S. Dist. LEXIS 244722, at *8. Here, Defendant Dopico is far beyond the indictment (or information) stage: Defendant Dopico pleaded guilty before this action was filed. Tansey Decl., ¶ 8. Thus, the second *Kinsey* factor is met.

***Private Interests.*** The third and fourth factors, focusing on the private interests of the parties to the civil litigation, likewise weigh in favor of a stay. The Parties will be able to conduct normal document discovery provided they do not try to piggy-back off the criminal investigation. And because the stay will have a short duration, Tansey Decl., ¶¶ 7, 11, there is little risk of fading memories or other time-based prejudice. Finally, Defendants – all of whom are accused in the civil action of participating in an antitrust conspiracy – will be able "to avoid choosing between [their] Fifth Amendment privileges and defending this civil action" if it is determined that they would face "certain loss" in the civil case as a result of asserting the privilege. *Kinsey*, 2018 U.S. Dist. LEXIS 244722, at *8; *11.

***Interest of the Courts.*** Similarly, for the fifth factor, "the outcome of the [c]riminal [p]roceeding will promote judicial efficiency because it will help narrow the issues in this instant case and, in turn, narrow the scope of discovery and possibly lead the parties to settlement." *Svistina v. Elbadramany*, No. 22-cv-20525, 2022 U.S. Dist. LEXIS 94099, *15 (S.D. Fla. May 25, 2022) (staying civil case in its entirety).

***Public Interest.*** The public interest will be served by a partial stay because the stay will protect the integrity of the criminal investigation, as set forth above. *Campbell*, 307 F.2d at 478.

## III. RELIEF REQUESTED

The United States is not asking for a complete stay of discovery; nor is it asking for an indefinite stay. The United States seeks a stay of limited duration targeted at interrogatories, depositions, and document production (only to the extent that document production would reveal investigative steps taken in the criminal investigation) in order to protect the integrity of the criminal investigation.

The United States recognizes that, before the United States moved to intervene, the Court had already granted a motion to compel directing Defendant Key Fisheries, Inc. to produce to Plaintiffs "documents that have already been produced to the Government." Order on Discovery Dispute, ECF No. 109 at 3-4. At that time, no party raised the issues that are the subject of this Motion. The United States respectfully requests that the Court include in its order a directive requiring Plaintiffs to return or destroy all materials it has received as a result of the Order on Discovery Dispute along with any other materials that will be subject to the stay if the Court grants this motion.

## IV. CONCLUSION

The United States respectfully requests that the Court enter an order staying all depositions, all interrogatories, and all requests for production that seek information about the Division's criminal investigation.

Dated: February 27, 2026

Washington, DC

Respectfully submitted,

/s/ Brian A. White
Brian A. White, Special Bar ID# A5503465
Senior Litigation Counsel
Ryan D. Tansey, Special Bar ID# A5502279
Chief, Washington Criminal Section
United States Department of Justice, Antitrust Division
450 Fifth St NW, Suite 3000
Washington, DC 20530
Tel. No. (202) 826-8795
Fax: (202) 514-7308
Brian.White6@usdoj.gov